**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------

SHIVA STEIN,                                         :
                                                      :
        Plaintiff,                          :    Civil Action No. _____
                                                      :
v.                                                    :
                                                      :    **COMPLAINT FOR VIOLATIONS OF**
TELARIA, INC., PAUL CAINE, DOUG         :    **SECTIONS 14(a) AND 20(a) OF THE**
KNOPPER, WARREN LEE, RACHEL LAM,   :    **SECURITIES EXCHANGE ACT OF**
JAMES ROSSMAN, ROBERT SCHECHTER,  :    **1934**
KEVIN THOMPSON, and MARK                :
ZAGORSKI,                                        :    **JURY TRIAL DEMANDED**
                                                      :
        Defendants.                       :
---------------------------------------------------------  :

Shiva Stein ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1.      This is an action brought by Plaintiff against Telaria, Inc. ("Telaria or the "Company"), and the members Telaria's board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Section 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a),  and SEC Rule 14a-9, 17 C.F.R. 240.14a-9 and 17 C.F.R. § 244.100, in connection with the proposed merger between Telaria and The Rubicon Project, Inc. ("Rubicon Project").

2.      Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Registration Statement on Form S-4 (the "Registration Statement") to be filed on January 30, 2020 with the United States Securities and

Exchange Commission ("SEC") and disseminated to Company stockholders.  The Registration Statement recommends that Company stockholders vote in favor of a proposed transaction whereby Telaria will merger into Rubicon Project with the combined company retaining the Rubicon Project name (the "Proposed Transaction").  Pursuant to the terms of the Agreement and Plan of Merger, the companies entered into (the "Merger Agreement") each outstanding Telaria common share of beneficial interest will be converted into the right to receive 1.082 shares of Rubicon Project common stock (the "Merger Consideration"). Upon completion of the merger, Rubicon Project stockholders are expected to own approximately 52.9% of the combined company and former Telaria stockholders are expected to own approximately 47.1% of the combined company.

3.      As discussed below, Defendants have asked Telaria's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Registration Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act.  Specifically, the Registration Statement contains materially incomplete and misleading information concerning the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.  The financial projections were also utilized by the financial advisor of the Company, RBC Capital Markets, LLC ("RBC") in conducting the valuation analyses in support of its fairness opinion. The Registration Statement also omits or misrepresents information regarding the financial analyses conducted by RBC.

4.      It is imperative that the material information that has been omitted from the Registration Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

2

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Telaria's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7.      Personal jurisdiction exists over each Defendant either because the Defendant Telaria is incorporated in Delaware, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Telaria in headquartered in this District.

## PARTIES

9.      Plaintiff is, and has been at all relevant times, the owner of Telaria common stock and has held such stock since prior to the wrongs complained of herein.

10.     Individual Defendant Paul Caine has served as a director of the Company since 2014 and the Company's Executive Chairman since 2017.

11.     Individual Defendant Doug Knopper has served as a member of the Board since 2018.

12.     Individual Defendant Warren Lee has served as a member of the Board since 2006.

13.     Individual Defendant Rachel Lam has served as a member of the Board since 2018.

14.     Individual Defendant James Rossman has served as a member of the Board since 2018.

15.     Individual Defendant Robert Schechter has served as a member of the Board since 2013.

16.     Individual Defendant Kevin Thompson has served as a member of the Board since 2017.

17.     Individual Defendant Mark Zagorski has served as a member of the Board since 2017 and is the Company's Chief Executive Officer.

18.     Defendant Telaria is incorporated in Delaware and maintains its principal offices at 222 Broadway, New York, New York 10038.  The Company's common stock trades on the New York Stock Exchange under the symbol "TLRA."

19.     The defendants identified in paragraphs 10-17 are collectively referred to as the "Individual Defendants" or the "Board."

20.     The defendants identified in paragraphs 10-18 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

A.      **The Proposed Transaction**

21.     Telaria provides a software platform for publishers to manage and monetize video advertising in the United States. The company offers publishers with real-time analytics, data, and decisioning tools to control their video advertising business, as well as a monetization

solution to optimize yield across a publisher's supply of digital video inventory. Its technology

enables publishers to manage and deliver their directly sold and programmatic video inventory

through a single platform. The company was formerly known as Tremor Video, Inc. and changed

its name to Telaria, Inc. in September 2017. Telaria, Inc. was founded in 2005 and is

headquartered in New York, New York.

22.    On December 19, 2019, the Company and Rubicon Project jointly announced the

Proposed Transaction:

> LOS ANGELES & NEW YORK--(BUSINESS WIRE)--Rubicon
> Project (NYSE:RUBI), the global exchange for advertising, and
> Telaria (NYSE: TLRA), the complete software platform that
> optimizes yield for leading video publishers, announced today that
> they have entered into a definitive agreement to combine in a
> stock-for-stock merger. The transaction, which has been
> unanimously approved by the Boards of Directors of both
> companies, will create the world's largest independent sell-side
> advertising platform, poised to capture growth in CTV.
>
> Together, Rubicon Project and Telaria will enable thousands of
> publishers to connect with hundreds of buyers and brands, creating
> a global, independent alternative to closed players in the
> ecosystem. In addition, the combined company will be an essential
> omnichannel partner for buyers across formats, screens and
> geographies. Both companies bring premium publisher
> partnerships and unique technical capabilities: Telaria as a leader
> in CTV, and Rubicon Project as an expert in scaled programmatic
> operations.
>
> * * *
>
> **Strategic Rationale and Financial Benefits**
>
> The World's Largest Independent Sell-Side Advertising Platform:
> The combination of Rubicon Project's programmatic scale and
> expertise with Telaria's leadership in CTV technology and
> premium partnerships, will create the world's largest independent
> sell-side advertising platform. The result will enable publishers to
> monetize across all auction types and formats including CTV,
> desktop display, video, audio, and mobile. Together, the combined
> company will offer publishers a transparent alternative that

5

supports the open internet and provides more control over how they manage their businesses.

<u>Positioned to Capture the Growing CTV Opportunity</u>: CTV is the fastest-growing digital medium, and an increasing amount of CTV viewing is ad-supported. CTV offers advertisers the premium environment of television and the enhanced marketing capabilities of digital media. As with all digital media, CTV advertising is poised to be almost entirely programmatically transacted in the near future. Driven by Telaria's leading market position and technology expertise, the combination of the two companies will provide additional engineering and sales resources, a broader geographic footprint and deeper financial assets to seize the CTV opportunity -- to the benefit of our customers and in support of a thriving open internet.

<u>An Essential Omnichannel Partner for Buyers</u>: The combination of Rubicon Project and Telaria will create an essential omnichannel partner for buyers to reach their target audiences, across all formats and devices, anywhere in the world. The result will be an optimized supply path across CTV, desktop display, video, audio, and mobile, committed to exceptional client service, industry-leading transparency, robust support for identity solutions and brand-safe, fraud-free premium inventory.

<u>Uniquely Positioned to Serve Global Publishers</u>: Rubicon Project and Telaria have complementary domestic and international footprints with strengths across the Americas, EMEA and APAC. In North America, the combined company will have strong technology and operations based in Los Angeles, New York and Silicon Valley. Together, the global company will have offices in 11 countries with trusted relationships with the world's leading buyers and sellers.

<u>Combining Similar Cultures</u>: Combined, Rubicon Project and Telaria will have more than 600 employees and contractors in 19 cities. Both companies are proud of their strong, employee-centric, client-focused corporate cultures. Rubicon Project and Telaria each recognize its employees are the most significant contributors to its success, and will work to preserve and enhance that commitment as a combined entity.

<u>Stronger Combined Financial Profile</u>: The combined company will have diversified revenue streams, substantial Adjusted EBITDA and a strong balance sheet with approximately $150 million in cash

and no debt based on September 30, 2019 balances. The merger creates both revenue and cost synergies, with expected annual run rate cost synergies of approximately $15-20 million. Lastly, we expect that the combined company will have substantial operating leverage resulting in attractive Adjusted EBITDA margins.

**Transaction Details**

Under the terms of the merger agreement, each share of Telaria common stock issued and outstanding as of the effective time of the Merger will be converted into the right to receive 1.082 shares of Rubicon Project common stock (and, if applicable, cash in lieu of fractional shares) less any applicable withholding taxes.

Upon closing, Telaria stockholders are expected to own approximately 47.1% and Rubicon Project stockholders are expected to own approximately 52.9% of the fully diluted shares of the combined company.

**Governance and Leadership**

Upon closing, Michael Barrett will be named Chief Executive Officer of the combined company, Mark Zagorski will be named President & Chief Operating Officer and David Day will be the Chief Financial Officer. Telaria board member Paul Caine will be Chairperson of the Board of Directors of the combined company. The full board will consist of nine members; four existing directors from each company and Michael Barrett, CEO.

**Timing and Approvals**

The transaction, which is expected to close in the first half of 2020, is subject to the receipt of required regulatory approvals and other customary closing conditions and the approval of stockholders of both companies.

**Advisors**

LUMA Partners LLC and Needham & Company, LLC are serving as financial advisors to Rubicon Project, and Gibson, Dunn & Crutcher LLP is serving as its legal advisor. RBC Capital Markets, LLC is serving as financial advisor to Telaria, and Cooley LLP is serving as its legal advisor.

* * *

23.     The Board has unanimously agreed to Proposed Transaction.  It is therefore imperative that Telaria's stockholders are provided with the material information that has been omitted from the Registration Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

**B.      The Materially Incomplete and Misleading Registration Statement**

24.     On January 30, 2020, Telaria and Rubicon Project jointly filed the Registration Statement with the SEC in connection with the Proposed Transaction.  The Registration Statement was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the Proposed Transaction.  The Individual Defendants were obligated to carefully review the Registration Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions.   However, the Registration Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning CSS Financial Projections*

25.     The Registration Statement fails to provide material information concerning Rubicon Project's and Telaria's financial projections by Rubicon Project's and Company's management. The Registration Statement discloses management-prepared financial projections which are materially misleading. The Registration Statement indicates that in connection with the rendering of its fairness opinion, that the Rubicon and Telaria management prepared certain non-public financial forecasts (the "Projections") and provided them to the Board and the financial advisors with forming a view about the stand-alone valuation of Rubicon Project and

the Company.  Accordingly, the Registration Statement should have, but fails to provide, certain information in the projections that management from each company provided to the financial advisors. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

26.    For the Projections prepared by Rubicon Project management for fiscal years 2020 through 2023, the Solicitation Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics (i) Adjusted EBITDA (ii) Unlevered Free Cash Flow for Rubicon; (iii) Unlevered Free Cash Flow for Telaria; and (iv) Unlevered Free Cash Flow for the Pro Forma company; but fails to disclose: (i) the line items used to calculate the non-GAAP measures, or (ii) a reconciliation of these non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G.

27.    For the Projections prepared by Telaria management for fiscal years 2020 through 2023 and extrapolated forecasts for calendar years 2024 through 2029, the Solicitation Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics (i) Adjusted EBITDA (ii) Unlevered Free Cash Flow for Rubicon; (iii) Unlevered Free Cash Flow for Telaria; and (iv) Unlevered Free Cash Flow for the Pro Forma company; but fails to disclose: (i) the line items used to calculate the non-GAAP measures, or (ii) a reconciliation of these non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G.

28.    When a company discloses non-GAAP financial measures in a Proxy Statement that were relied on by a board of directors to recommend that stockholders exercise their

corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates, also disclose all projections and information necessary to make the non-GAAP measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

29.     The SEC has noted that:

> companies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated. Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its usefulness. For example, "free cash flow" should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other non-discretionary expenditures that are not deducted from the measure.

30.     Thus, to cure the Proxy Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Registration Statement, Defendants must provide a reconciliation table of the non-GAAP measures to the most comparable GAAP measures to make the non-GAAP metrics included in the Registration Statement not misleading.

31.     With respect to RBC's *Discounted Cash Flow Analysis*, the Registration Statement fails to disclose: (i) the basis for selecting the discount rate range from 10.0% to 12.5% for Telaria and 12.50% to 15.0% for Rubicon Project; (ii) the range of illustrative terminal

values for the companies; and (iii) the basis of selecting the range of perpetuity growth rates of 3.0% to 4.0%.

32.     In sum, the omission of the above-referenced information renders statements in the Registration Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the special stockholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

**CLAIMS FOR RELIEF**

**<u>COUNT I</u>**

**On Behalf of Plaintiff Against All Defendants for Violations of**
**Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

33.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

34.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading."  17 C.F.R. § 240.14a-9.

35.     Defendants have issued the Registration Statement with the intention of soliciting stockholder support for the Proposed Transaction.  Each of the Defendants reviewed and authorized the dissemination of the Registration Statement and the use of their name in the Registration Statement, which fails to provide critical information regarding, among other things,

the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

36.     In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading.  Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).  The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

37.     Defendants were, at the very least, negligent in preparing and reviewing the Registration Statement.  The preparation of a Registration Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence.  Defendants were negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement upon reviewing it, which they were required to do carefully.  Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives and the Company's financial projections.

38.     The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction.  Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff

be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

**COUNT II**

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

39.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

40.     The Individual Defendants acted as controlling persons of Telaria within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as directors of Telaria, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Telaria, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

41.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

42.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Telaria, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction.  The Registration Statement

at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Registration Statement.

43.     In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

44.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

45.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

46.     Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with,

consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Registration Statement;

B.      Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C.      Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E.      Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: February 5, 2020

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By:   */s/ Gloria Kui Melwani*
Gloria Kui Melwani (GM5661)
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
Email: melwani@whafh.com

*Attorneys for Plaintiff*